IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| REGINALD DENNY TURNER, #158 799 | * | |
| Petitioner, | * | |
| v. | * | 2:11-CV-419-ID |
| | | (WO) |
| LOUIS BOYD, WARDEN, *et al.*, | * | |
| Respondents. | * | |

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Reginald Tuner on May 27, 2011.[1]  In this petition, Petitioner challenges his conviction, pursuant to his guilty plea, for first degree sexual abuse entered against him by the Circuit Court for Elmore County, Alabama, on January 31, 2005.  The trial court sentenced Petitioner on March 31, 2005, as a habitual offender, to a 20 year term of imprisonment.  Petitioner filed a direct appeal on April 16, 2005. The Alabama Court of Criminal Appeals dismissed the appeal on June 15, 2005. By operation of law, Petitioner's conviction became final on June 29, 2005.

---

[1] Although the present petition was stamped "filed" in this court on June 2, 2011, Petitioner signed the petition on May 27, 2011.  A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Turner] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers May 27, 2011 as the date of filing.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] Respondents contend that because Petitioner's conviction became final in June 2005 -- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents concede that Petitioner filed a state post-conviction petition on March 30, 2006. They maintain, however, that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition, the limitation period expired prior to Petitioner filing the present federal habeas petition. (*Doc. No. 11 at pgs. 6-8*.); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335. n.4 (11th Cir. 2001). Upon review of the pleadings filed in this case and applicable case law, it appears that Petitioner's § 2254 petition is precluded from review by this court as it was filed outside the pertinent period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgments expires. Petitioner was convicted of first degree sexual abuse by the Circuit Court for Elmore County, Alabama, on January 31, 2005 and sentenced on March 31, 2005 to twenty years' imprisonment. Petitioner filed a direct appeal on April 16, 2005. The

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

Alabama Court of Criminal Appeals dismissed the appeal on June 15, 2005 and entered a certificate of judgment the same day.  (*Doc. No. 11, Exhs. A-D, E.*)    Petitioner did not further appeal his conviction.  Since Petitioner failed to seek relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking direct review of the 2005 conviction, therefore, lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme Court-- fourteen (14) days from the issuance of the appellate court's certificate of judgment.  Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court).  Thus, Petitioner's first degree sexual abuse conviction became final on June 29, 2005 and the federal limitation period began to run on this date.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  The court finds that the federal limitation period ran for 273 days, or nine months,  before Petitioner filed a Rule 32 petition in the trial court on March 30, 2006.  On October 10, 2006 the trial court denied Petitioner's Rule 32 petition.  Petitioner appealed the lower court's ruling. On November 2, 2007 the Alabama Court of Criminal Appeals remanded

Petitioner's case with directions to the trial court to make specific written findings of fact with regard to the claims in the post-conviction petition.  The trial court submitted its return to remand on December 17, 2007.   On May 22, 2009, the Alabama Court of Criminal Appeals affirmed the lower court's judgment and overruled Petitioner's application for rehearing on June 19, 2009.  The Alabama Supreme Court denied Petitioner's petition for writ of certiorari on November 12, 2010. The Alabama Court of Criminal Appeals issued a certificate of judgment the same day.  Thus, when Petitioner's post-conviction proceedings became final on November 12, 2010, he had 92 days  of the applicable limitation period remaining within which to file a federal habeas petition.  The court, therefore, concludes that the time allowed Petitioner for the filing of a federal habeas petition expired on February 12, 2011. (*Doc. No. 11, Exhs. D-H*.)

Petitioner filed his federal habeas petition on May 27, 2011. Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Petitioner filing the instant § 2254 petition.  In light of the foregoing, it is

ORDERED that on or before **August 17, 2011** Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done, this 27th day of July 2011.

     /s/ Charles S. Coody\
CHARLES S. COODY\
UNITED STATES MAGISTRATE JUDGE